Vacated by Supreme Court, January 24, 2005

UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

EDDIE ALEXANDER LONG,
　　　　　　*Defendant-Appellant.*

No. 03-4635

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-02-263)

Submitted: March 29, 2004

Decided: April 16, 2004

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

S. Benjamin Bryant, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Eddie Alexander Long appeals his conviction and 24-month sentence for one count of honest services mail fraud. *See* 18 U.S.C. §§ 1341, 1346 (2000). This conviction stems from Long's conduct while he was mayor of Smithers, West Virginia. As mayor, Long also acted as municipal judge and head of the Smithers police department.

This case involves the proceedings that occur after a person is arrested for Driving Under the Influence ("DUI") in West Virginia. When a police officer arrests a driver for DUI in Smithers, he has the choice of bringing the driver to municipal or county court, provided that it is the driver's first or second offense DUI.[1] In addition to bringing the suspect into court, within 48 hours of the arrest, the arresting officer must send an affidavit attesting to the arrest to the West Virginia Department of Motor Vehicles ("DMV"). The DMV then notifies the driver, by mail, that his license is suspended. If the driver wishes to contest the suspension, he can mail a letter to the DMV disputing the suspension. When the DMV receives a letter disputing a DUI arrest, the DMV sets the case for hearing and informs the arresting officer of the hearing. Although there is no state law mandating that the officer attend the DMV hearing, without his testimony, the DMV must dismiss the case and the driver retains his license. If the driver has been convicted of DUI in either municipal or county court before the DMV hearing, however, then he is not entitled to a DMV hearing. In other words, the driver has a DMV hearing, at which he can hope to retain his license, only when the DUI charges were dismissed or reduced at the municipal or county level.

Here, Long instructed Smithers police officers to bring all drivers arrested for DUI to Smithers' municipal court, where he presided as judge. When a DUI driver asked Long how he could keep his license, Long would frequently reduce the charge against the driver from DUI to reckless driving. Long would then impose a substantial fine, above

---

[1] If it is the driver's third offense DUI or greater, the driver must be brought to county court because he has allegedly committed a felony, over which the municipal court lacks jurisdiction.

that typically indicated for reckless driving, and instruct the driver to contest his license suspension with the DMV. Long told these drivers he would ensure that the arresting officer failed to attend the hearing so that the driver would keep his license. Over the years, Long instructed several police officers, sometimes under threat of termination, not to attend DMV hearings. Based on this activity, the jury found Long guilty of one count of using the mail in furtherance of his scheme to deprive the citizens of West Virginia of the intangible right of honest services of their public officials. *See* 18 U.S.C. §§ 1341, 1346.

On appeal, Long challenges the honest services mail fraud statute as unconstitutionally vague; the sufficiency of the evidence; the district court's jury instructions; and the court's decision to prohibit Long from presenting evidence of Smithers' finances, finding such evidence irrelevant. We address each of Long's arguments in turn.

First, Long challenges §§ 1341 and 1346 as unconstitutionally vague. Section 1341, the federal mail fraud statute, states, in relevant part,

> Whoever, having devised or intending to devise any *scheme or artifice to defraud* . . . for the purpose of executing such scheme or artifice or attempting to do so, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or *causes to be deposited* any matter or thing whatever to be sent or delivered by the Postal Service, shall be fined under this title or imprisoned not more than 20 years, or both.

(emphasis added). Section 1346 defines "scheme or artifice to defraud" as including "a scheme or artifice to deprive another of the intangible right of honest services."

"'[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *Id.* (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). None-

theless, "[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975). Because Long's challenge does not implicate First Amendment concerns, he must contend with the general rule that "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 756 (1974).

We have previously addressed a vagueness challenge to the honest services mail fraud statute. *United States v. Bryan*, 58 F.3d 933 (4th Cir. 1995), *abrogated on other grounds*, *United States v. O'Hagan*, 521 U.S. 642 (1997). In *Bryan*, we rejected the defendant's vagueness challenge, finding the defendant certainly should have known that his conduct was prohibited. *Id.* at 942-43. "[S]chemes involving various types of dishonesty by public officials come within the ambit of the mail fraud statute because such schemes defraud citizens of their intangible rights to honest and impartial government." *Id.* at 942.

Here, Long threatened to fire officers if they did not follow his instructions not to attend the DMV hearings in cases in which Long had reduced the charges against the driver from DUI to reckless driving. Long mandated that officers bring all DUI cases, regardless of whether they were felonies, to his municipal court. Several former Smithers police officers testified against Long. One testified that he tape-recorded conversations with Long because he feared Long's conduct was improper and that he could face negative repercussions for following Long's instructions. Another testified that he approached the county prosecutor for advice on the propriety of Long's behavior. This testimony supports the conclusion that Long should have known that his conduct was prohibited. Therefore, we find that the honest services mail fraud statute, as applied to Long, is not void for vagueness.

Second, Long challenges the sufficiency of the evidence. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt

beyond a reasonable doubt.'" *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (quoting *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)).

To support a conviction of honest services mail fraud, the Government must prove that Long intended to engage in a scheme or artifice to defraud citizens of their intangible right to honest services. *See* §§ 1341, 1346; *United States v. Vinyard*, 266 F.3d 320, 326 (4th Cir. 2001), *cert. denied*, 536 U.S. 922 (2002). Further, the Government needs to show that Long caused a letter to be delivered by mail in furtherance of this scheme. *See* § 1341; *Vinyard*, 266 F.3d at 326.

Here, the Government provided ample evidence that Long routinely threatened officers that if they attended DMV hearings against Long's instructions, they would be fired. The Government also submitted circumstantial evidence that implied that Long would purposefully withhold mail to police officers from the DMV that notified the officers of the dates of DMV hearings they were to attend. Finally, the Government presented substantial evidence to show that Long's scheme hinged on use of the mail. For Long's scheme to succeed, it was essential that the driver mail a letter to the DMV, so that the DMV could schedule a hearing which the police officer would fail to attend. Mailing a letter was the only way to contest the license suspension. The retention of the driver's license was the key bargaining chip that Long used to levy the large fines. Therefore, we find that, viewed in the light most favorable to the Government, there is substantial evidence to support the jury's verdict.

Third, Long challenges the district court's jury instructions. "The purpose of jury instructions is to instruct the jury clearly regarding the law to be applied in the case." *United States v. Lewis*, 53 F.3d 29, 34 (4th Cir. 1995). In reviewing jury instructions, we "accord the district court much discretion and will not reverse provided that the instructions, taken as a whole, adequately state the controlling law." *Teague v. Bakker*, 35 F.3d 978, 985 (4th Cir. 1995). Further, we do not review jury instructions piecemeal, but as a whole. *United States v. Cropp*, 127 F.3d 354, 360 (4th Cir. 1997).

Long actually brings two challenges to the district court's jury instructions. First, he argues that the district court abused its discre-

tion in rejecting Long's proposed jury instructions. Because we find
that Long's proposed instructions do not properly set forth the law on
honest services mail fraud, we find that the court did not abuse its dis-
cretion in its refusal to use them. Second, Long argues that the district
court committed plain error in instructing the jury regarding W. Va.
Code § 61-5-17, obstruction of a police officer.[2] Section 61-5-17
states, in relevant part,

> Any person who by threats, menaces, acts or otherwise,
> forcibly or illegally hinders or obstructs, or attempts to hin-
> der or obstruct, any law-enforcement officer, probation offi-
> cer or parole officer acting in his or her official capacity is
> guilty of a misdemeanor and, upon conviction thereof, shall
> be fined not less than fifty nor more than five hundred dol-
> lars or confined in the county or regional jail not more than
> one year, or both.

Long contends that, by virtue of his position as head of the police
department, he could not have violated § 61-5-17. We find Long's
argument unavailing. His repeated threats and instructions to police
officers not to perform their duty to attend DMV hearings fit within
the confines of § 61-5-17. Accordingly, the district court did not
abuse its discretion in instructing the jury regarding § 61-5-17.

---

[2]Although no violation of state law is required to obtain a conviction
under the mail fraud statute, *see United States v. Bryan*, 58 F.3d 933,
940-41 (4th Cir. 1995), *abrogated on other grounds*, *United States v.
O'Hagan*, 521 U.S. 642 (1997), the district court in its instructions on the
mail fraud counts referred to W. Va. Code § 61-5-17 as follows:

> The words "scheme to defraud," as used in the statute, includes
> a plan or course of action intended to deprive the citizens of the
> honest services of a public official; in this case by threats, men-
> aces, acts or otherwise, illegally obstructing or hindering a law
> enforcement officer acting in his official capacity, as set forth in
> West Virginia Code Section 61-5-17 . . . .

(J.A. at 702.) Because the district court's instruction indicated that the
jury must find a violation of § 61-5-17 to support a conviction on the
mail fraud counts, the district court's instruction was more favorable to
Long than necessary.

Finally, Long argues that the court erred in refusing to allow him to present evidence of Smithers' bleak financial situation. At trial, Long sought to argue that his behavior was simply a reaction to Smithers' financial status. He attempted to argue that he imposed large fines to bring money into the community and that he refused to allow officers to attend the DMV hearings to save the city money. The district court excluded this evidence, finding it irrelevant to the question of Long's guilt.

A district court's decision to exclude evidence is reviewed for an abuse of discretion. *United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996). A court abuses its discretion when it makes an error of law. *Koon v. United States*, 518 U.S. 81, 100 (1996). Here, we find that the district court did not abuse its discretion in excluding the evidence of Smithers' financial situation. Evidence of Long's motive is not relevant to whether or not he committed honest services mail fraud.

Accordingly, we affirm Long's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*